AMOS L. SPOFFORD *vs.* BOSTON & MAINE RAILROAD.

Essex. Nov. 7, 1879. — Feb. 27, 1880. COLT & AMES, JJ., absent.
LORD, J., did not sit.

A., who was a student over twenty years of age, paid to a railroad corporation the regular price of a season ticket entitling him to transportation over its road, between two stations, for three months. The directors of the corporation had authorized its president, upon special application, and in his discretion, to allow season tickets to be sold to students over twenty years of age, for the same term, between the same stations, for one half the price A. paid, and such tickets had been sold. *Held*, in an action by A. to recover of the corporation one half of the amount paid by him, that there was no violation of the St. of 1874, c. 372, § 138; and that the action could not be maintained.

CONTRACT, to recover $16, alleged to have been overpaid to the defendant for a season ticket between Haverhill and Boston· for the quarter ending December 31, 1878. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on the following agreed facts:

The defendant owns and operates a railroad between Haverhill and Boston, and the regular price for season tickets for three months in 1878 was $32. The defendant's directors had adopted a rule, authorizing their president, upon special application made to him therefor, and in such cases as he judged expedient, to allow the sale of season tickets between Haverhill and Boston, to students, (including students of the Harvard Medical School,) over twenty years of age, at the reduced price of $16 for three months, that being the regular price for students under that age. Under this regulation, the president had, upon special application and in his discretion, authorized the sale of such tickets at such reduced price of $16, which tickets had, in such cases, been issued and honored by the defendant, and the holders of such tickets carried over the railroad, during the quarter ending December 31, 1878.

The plaintiff was intending to attend the Harvard Medical School during the last quarter of 1878, and, having such intention, applied to the defendant's ticket-seller at Georgetown, and inquired whether he, being over twenty years of age, could obtain a quarterly season ticket for less than the regular price of $32. The ticket-seller, being ignorant of the rule above recited,

and acting in good faith, informed the plaintiff that there was no way in which he could obtain a ticket for less than $32. The plaintiff, who was also ignorant of this rule, thereupon paid the sum of $32, and received an ordinary season ticket, and used it during the three months. Subsequently, having learned that in some cases, upon special application, the president had authorized the issue of season tickets to medical students over twenty years of age, for $16 a quarter, he applied to the president for a return of the excess so paid by him, but the president refused to comply with his request.

If, upon these facts, the plaintiff was entitled to recover, judgment was to be entered for him in the sum of $16; otherwise, for the defendant.

*J. P. Jones*, for the plaintiff.

*S. Lincoln, Jr.*, (*S. B. Ives, Jr.* with him,) for the defendant.

SOULE, J. The plaintiff seeks to recover from the defendant the sum of sixteen dollars, being half the amount paid for a season ticket for three months, which entitled the plaintiff, during that period, to ride daily, Sundays excepted, on the defendant's cars from Haverhill to Boston, and back to Haverhill.

It appears that the sum paid for the ticket was the regular price of a season ticket, established by the directors. It is not contended that the price was unreasonably large for the service to which it entitled the purchaser. The plaintiff contends that he is entitled to recover, because certain other persons obtained season tickets for the same term, between the same stations, for one half the price which he paid. These persons, it appears. were, like the plaintiff, students twenty years old, who, for reasons which do not appear, were permitted by the president of the defendant corporation, in the exercise of a discretion given him by the directors, to buy their tickets for the sum of sixteen dollars each, which was the regular price of such tickets to students less than twenty years old. The plaintiff's position is that, although the defendant had established a price for a season ticket, not unreasonable in itself, and had sold him a ticket at the regularly established price, it violated the provisions of the St. of 1874, c. 372, § 138, by selling like tickets to certain other persons for a less sum.

The statute referred to requires every railroad corporation to give to all persons or companies reasonable and equal terms, facilities and accommodations for the transportation of themselves, their agents and servants, and of any merchandise and other property, upon any railroad owned or operated by such corporation. Section 135 of the same chapter provides that any railroad corporation may make contracts for the conveyance of passengers on designated trains for a specific distance, at fixed times, at such reduced rates of fare as the parties may agree upon. Section 179 provides that any railroad corporation may establish, for its sole benefit, fares, tolls and charges upon all passengers and property conveyed or transported on its railroad, at such rates as may be determined by the directors thereof, subject to revision by the Legislature. It is plain, from the language of these sections, that the Legislature did not intend that railroad corporations should be obliged to require of all persons, under all circumstances, precisely the same sum for the same service. The person riding under a special contract between Haverhill and Boston might be obtaining the passage for one third the amount of the regular fare between the stations, but this is permissible under § 135. The plaintiff's claim cannot be sustained except by recognizing the doctrine that, under peculiar circumstances, special arrangements for reduced rates of carriage may be made. His season ticket is sold at a reduced rate, or it would not be worth the buying, but it does not appear to come within all the provisions of § 135. If it does, the power given by that section is to make such special contract as the parties agree upon, and there would be no reason for the plaintiff to complain. But we do not propose to put the decision of this case on any refinement of construction of § 135. We prefer to place it on what seems to us to be the reasonable interpretation of the provisions of the statute relating to fares of passengers, taken together, and in view of the law as it stood before the statute was enacted.

The provisions of § 138 are reënacted from the St. of 1867, c. 339, previously to which statute there was no legislative enactment of the sort. In the year 1859, it was decided by this court in *Fitchburg Railroad* v. *Gage*, 12 Gray, 393, that the common law requires of carriers equal justice to all; that "the equality

which is to be observed in relation to the public and to every individual consists in the restricted right to charge, in each particular case of service, a reasonable compensation, and no more. If the carrier confines himself to this, no wrong can be done, and no cause afforded for complaint. If, for special reasons, in isolated cases, the carrier sees fit to stipulate for the carriage of goods or merchandise of any class for a certain time, or in certain quantities, for less compensation than what is the usual, necessary and reasonable rate, he may undoubtedly do so without thereby entitling all other persons and parties to the same advantage and relief." The court, referring to the right of the corporation to establish rates of toll on passengers and merchandise, which under the Rev. Sts. *c.* 39, § 83, was substantially the same as it is under the existing statutes, said, " This right however is very fully and reasonably subjected to legislative supervision and control; a provision which may be believed to be sufficient to guard this large conceded power against all injustice or abuse. And in view of this large and unqualified, and therefore adequate supervision, the right of railroad corporations to exact compensation for services rendered, may be considered as conforming substantially to the rule of the common law." The St. of 1867, *c.* 339, reënacted in the St. of 1874, *c.* 372, § 138, was passed after this court had thus defined the meaning of the words " equal justice " as applied to the dealings of carriers with their customers. The similar language, "reasonable and equal terms," used in the statute, is to be interpreted in the light of this definition, especially as it appears, from a comparison of different parts of the statute, that the words cannot have been used in a strict literal sense.

We are of opinion, therefore, that, as the defendant exacted from the plaintiff only the regularly established price for the season ticket which he bought, and as there is no evidence that the price was unreasonable, the fact that, for special reasons which do not appear, the president of the defendant permitted certain individuals, students, like the plaintiff, more than twenty years old, to buy like tickets for half that price, did not constitute a violation of the statute, nor give the plaintiff a cause of action against the defendant.     *Judgment affirmed.*